**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZEMEL LAW LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DEPARTMENT OF THE TREASURY<br><br>*Defendant*. | Civil Action No. 24-11538<br><br>**OPINION**<br><br>November 24, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant U.S. Department of the Treasury's ("Defendant") motion to dismiss Plaintiff Zemel Law LLC's ("Plaintiff") Complaint. (ECF 1, "Compl.") (ECF 2, "Def. Mot.") Plaintiff opposed the motion. (ECF 4, "Opp.") Defendant filed a reply. (ECF 5, "Reply".) The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's motion to dismiss is **GRANTED**.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

This suit arises as "an action for damages arising from the unauthorized inspection of Plaintiff's tax returns." (Compl. ¶ 1.) Plaintiff Zemel Law LLC is a law firm with an office in Paterson, New Jersey. (*Id*. ¶ 2.) Defendant U.S. Department of Treasury oversees the Internal

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1) and documents integral or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Revenue Service ("IRS"). (*Id*. ¶ 3.) On December 16, 2024, the IRS "advised Plaintiff that its tax returns were unlawfully accessed." (*Id*. ¶ 4.) Sensitive information was accessed during the "unauthorized disclosure[,]" which included "social security numbers, taxpayer identification numbers, name, address, and other sensitive information." (*Id*. ¶¶ 5-6.) Plaintiff is "a tax payer" who asserts that "Defendant's officer or employee knowingly inspected Zemel Law's return or return information." (*Id*. ¶¶ 12-13.)

On December 31, 2024, Plaintiff filed its Complaint with this Court. (*See generally* Compl.) Specifically, Plaintiff alleges that Defendant "unlawfully accessed no less than one time" Plaintiff's tax returns in violation of 26 U.S.C. § 7431, which "protects sensitive data from unlawful disclosure." (*Id*. ¶¶ 7-10.) In lieu of an answer, Defendant moved to dismiss Plaintiff's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Def. Mot.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations

omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A claim that sets forth "labels and conclusions" or "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 555 U.S. at 678 (cleaned up).

### III.     ANALYSIS

Plaintiff alleges that Defendant unlawfully accessed Plaintiff's tax returns in violation of 26 U.S.C. § 7431, which "protects sensitive data from unlawful disclosure." (Compl. ¶¶ 7-10.) Defendant argues that Plaintiff's Complaint "amounts to not much more than conclusory statements and 'rote recitals' of 26 U.S.C. § 7431(a)(1)."[2] (Def. Mot. at 4.) Specifically, Defendant asserts that Plaintiff's allegations are "too vague" to "put the United States on sufficient notice of the claim." (*Id.*) Plaintiff counters that its Complaint is sufficiently pled to "allow[] the Defendant to know where to look to form a defense and gather evidence." (Opp. at 4.)

Section 7431 "provides a cause of action for damages against the United States for unauthorized access to tax return information." *Kenny v. United States*, 489 Fed. Appx. 628 (3d Cir. 2012). "To establish a claim under § 7431, [a plaintiff] must demonstrate (1) a violation of 26 U.S.C. § 6103 and (2) that the violation resulted from knowing or negligent conduct." *Id.* (citing

---

[2] Plaintiff did not indicate which provision of 26 U.S.C. § 7431 Defendant allegedly violated. In its brief, Defendant assumes that Plaintiff is alleging a violation of § 7431(a)(1), and the Court agrees because Plaintiff is "su[ing] only the United States." (Def. Mot. at 3 n.1.)

3

*Venen v. U.S.*, 38 F.3d 100, 104 (3d Cir. 1984). Section 6103 prohibits "the disclosure of any tax or tax return information by any United States officer or other person with access to tax returns obtained by him *in any manner* in the course of his or her employment, 'or otherwise or under the provisions of [§ 6103].'" *Fattah v. United States*, No. 14-1092, 2014 WL 4249768, at *5 (E.D. Pa. Aug. 27, 2014) (quoting 26 U.S.C. § 6103(a)). However, a plaintiff "has failed to state with particularity the subsection of 26 U.S.C. § 6103 that has been allegedly violated" if the plaintiff does not state "the improper purpose" of the violation or offers only a "conclusory statement" as support. *Kenny v. United States*, No. 08-3921, 2009 WL 276511, at *8 (D.N.J. Feb. 5, 2009).

Here, Plaintiff has only included the barebone assertion that Defendant "unlawfully accessed" Plaintiff's tax returns, without stating an improper purpose for accessing his tax returns. (Compl. ¶¶ 7-10.) Moreover, the Complaint "does not specifically allege who made the alleged disclosures, to whom they were made," or discuss "the nature of the disclosures," which is required to properly allege a wrongful disclosure claim under Section 7431. *Dean v. United States*, No. 09-3095, 2010 WL 1257792, at *5 (D.N.J. Mar. 29, 2010) (cleaned up). Without offering any further factual support, Plaintiff's allegations fall short of sufficiently pleading a violation of 26 U.S.C. § 6103 and must be dismissed.[3] *See Kenny*, 2009 WL 276511, at *8 (finding insufficient detail to prove a showing of § 6103); *Fortunato v. United States*, No. 06-5976, 2008 WL 4845290, at *3 (D.N.J. Nov. 6, 2008) (dismissing due to failure to identify what return information was disclosed).

---

[3] The Complaint also fails to satisfy Federal Rule of Civil Procedure 8(a)(1), which requires a "short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. (8)(a)(1). This is another basis for dismissal. *See Dalicer v. Am. Express*, No. 24-00196, 2024 WL 4266765, at *6 (M.D. Pa. July 11, 2024) (dismissing complaint for failure to comply with pleading requirements of Rule 8(a)(1) because operative pleading lacked "a short and plain statement of the grounds for the court's jurisdiction"); *see also Itiowe v. United States Gov't*, 650 F. App'x 100, 103 (3d Cir. 2016) (affirming district court's dismissal of complaint for failure to comply with Rule 8(a)(1)).

IV. **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss (ECF 2) is **GRANTED**. Plaintiff's Complaint (ECF 1) is **DISMISSED** without prejudice. Plaintiff may file an amended pleading that is consistent with this Opinion within thirty (30) days of the date of the Opinion and accompanying Order. An appropriate Order follows.

> */s/ Jamel K. Semper*
> **HON. JAMEL K. SEMPER**
> **United States District Judge**

Orig: Clerk
cc: Andre M. Espinosa, U.S.M.J.
　　　Parties